UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LERONALD LOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV01788 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Petitioner LeRonald Loper's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1], Petitioner's Motion on Court Order for Production of Written Documentations under the Control of the Office of the U.S. Federal Public Defender for the Eastern District of Missouri, Eastern Division [21], and Petitioner's Motion for Relief on Second Supplemental Claim under § 2255 [25].

**I.   BACKGROUND**

On January 12, 2012, Petitioner LeRonald Loper ("Petitioner") was indicted for attempt to commit an offense against the United States of America, to obstruct, delay, and affect commerce and the movement of any article or commodity in commerce by robbery, and by committing and threatening physical violence to any person in furtherance of a plan or purpose in violation of 18 U.S.C. § 1951 (Count I), knowingly soliciting, commanding, inducing, or otherwise endeavoring to persuade one or more persons to engage in conduct constituting a felony that has as an element the use, attempted use, and threatened use of physical force against

1

property and against the person of another in violation of the laws of the United States, in violation of 18 U.S.C. § 373 (Count II), and knowingly possessing a firearm having been convicted previously of one or more felony crimes in violation of 18 U.S.C. § 922(g)(1) (Count III).[1] On July 9, 2012, Petitioner pled guilty to Counts I and III. Count II was dismissed. On October 11, 2012, Petitioner was sentenced to 210 months imprisonment on each count, to be served concurrently, and a two-year term of supervised release.

At sentencing, Petitioner was found to be a career offender under United States Sentencing Guideline §4B1.1, because of his prior felony convictions including Armed Robbery, Bank Robbery with a Firearm, and Bank Robbery. Petitioner was also found to be an Armed Career Criminal under 18 U.S.C. § 924(e)(1), because of his prior violent felony convictions including Assault with Intent to Rob with Malice, Robbery First Degree with a Dangerous and Deadly Weapon, Assault with Intent to Kill, and the previously listed convictions which established his career offender status.

Petitioner filed a direct appeal with the Eighth Circuit Court of Appeals and the district court's judgment was affirmed on May 31, 2013. Petitioner did not file a writ of certiorari with the United States Supreme Court. On October 20, 2014, Petitioner filed the pending Motion to Vacate.

## II.     STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

---

[1] Petitioner's criminal case is *United States v. LeRonald Loper*, 4:12CR00007 CEJ.

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

However, ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception is in place to prevent petitioners from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id*. Additionally, a petitioner's attorney may serve as counsel for both the trial and appellate case, and it is unlikely that the attorney would raise a claim of his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003).

To excuse procedural default, however, a petitioner, raising a constitutional claim for the first time in a § 2255 proceeding, still must demonstrate cause and prejudice. *Anderson*, 25 F. 3d at 706. Ordinarily, issues that were raised and decided on direct appeal cannot be relitigated in a

§ 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *Id*.

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A petitioner is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the petitioner] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. DISCUSSION

In his motion, Petitioner asserts four claims including unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution, denial of right not to be compelled to testify against himself in violation of the Fifth Amendment, ineffective assistance of counsel in violation of the Sixth Amendment, and deprivation of liberty without due process in violation of the Fifth Amendment. In response, the Government argues the motion is untimely, Petitioner's first, second, and fourth claims are procedurally defaulted, and his counsel was not ineffective as alleged in his third claim.

Petitioner asserts his motion is timely and was filed within one year of the district court's denial of his Motion for an Official Hearing Nunc Pro Tunc on June 25, 2014, in his criminal

4

case. The Government argues the deadline for the filing of his motion expired on August 29, 2013.

A petitioner has one year to file a motion to vacate pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §2255(f). The one year limitation runs from the date the conviction becomes final. 28 U.S.C. § 2255(f)(1). For petitioners who do not seek review with the United States Supreme Court, the one-year limitation starts to run when the time for seeking review with the Supreme Court expires. *Clay v. United States*, 537 U.S. 522, 532 (2003). The time for filing a writ of certiorari with the Supreme Court expires 90 days after the entry of judgment of the appellate court. Sup. Ct. R. 13(1).

In this case, Petitioner was convicted on October 11, 2012, when his criminal judgment was entered. His appeal was denied on May 31, 2013. He did not file a writ of certiorari; therefore, his conviction became final on August 29, 2013, ninety days after the Eighth Circuit's opinion denying his appeal. Petitioner's motion to vacate was not filed until October 20, 2014; this is more than one year after his conviction became final. Petitioner has not asserted an argument for equitable tolling. Therefore, Petitioner's motion is untimely and must be dismissed.

V.     **MOTION FOR PRODUCTION OF WRITTEN DOCUMENTS**

In this motion, Petitioner asks the Court to issue an order to the Federal Public Defender to make the Assistant United States Public Defender available to appear along with her notes and documentation from Petitioner's case to give testimony under oath about the claims asserted in his Motion to Vacate. He asserts his counsel should have had the prosecutor disclose the specific prior convictions it was intending to introduce. Because Petitioner's Motion to Vacate is

untimely and must be dismissed, this motion for an Assistant Federal Public Defender to appear in regards to his untimely claims must be denied, as moot.

## VI. MOTION FOR RELIEF ON SECOND SUPPLEMENTAL CLAIM

In this motion, Petitioner challenges his status as a career offender and Armed Career Criminal and asserts he is entitled to relief pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). This motion will be denied because Petitioner does not qualify for relief under *Johnson*. To qualify as an Armed Career Criminal, a defendant must have three prior violent felonies or serious drug offenses. The Armed Career Criminal Act ("ACCA") defines a violent felony as a crime punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(1)(B)(i).[2] Petitioner's prior felonies qualify as violent felonies under this definition.

In a 1968 case, Petitioner was convicted of Assault with Intent to Rob with Malice, in violation of Missouri Revised Statute § 559.180. This statute states as follows:

> Every person who shall, on purpose and of malice aforethought, shoot at or stab another, or assault or beat another with a deadly weapon, or by any other means or force likely to produce death or great bodily harm with intent to kill, maim, ravish or rob such person, . . . shall be punished by imprisonment in the penitentiary not less than two years.

Mo. Rev. Stat. § 559.180 (1968). This statute clearly requires as an element the use, attempted use, or threatened use of physical force against the person of another. To be convicted, a person must either (1) shoot at or stab another, (2) assault or beat another with a deadly weapon, or (3)

---

[2] The statute also defines additional violent felonies including burglary, arson etc. but these definitions are not applicable to any of Petitioner's prior convictions. *See* 18 U.S.C. § 924(e)(1)(B)(ii).

use other means or force likely to produce death or great bodily harm to a person. This conviction qualifies as a violent felony for purposes of the ACCA.

In a 1969 case, Petitioner was convicted of Robbery in the First Degree with a Dangerous or Deadly Weapon, in violation of Missouri Revised Statute § 560.120. This statute states:

> Every person who shall be convicted of feloniously taking the property of another form his person, or in his presence and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person . . . shall be adjudged guilty of robbery in the first degree.

Mo. Rev. Stat. § 560.120.[3] In *United States v. Kirkland*, the Eighth Circuit determined the 1974 version of this statute, with the same exact wording as the version at issue here, contained as an element the "use, attempted use, or threatened use of physical force against the person of another." 450 F.3d 804, 807 (8th Cir. 2006). Therefore, Petitioner's prior conviction for Robbery in the First Degree with a Dangerous or Deadly Weapon qualifies as a predicate offense under the ACCA.

In a 1981 case, Petitioner was convicted of Armed Robbery, in violation of Illinois Criminal Code 18-2 (1981). This statute states, "A person commits armed robbery when he or she violates Section 18-1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." Ill. Rev. Stat. ch. 38, ¶ 18-2 (1970). Section 18-1 states, "A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Ill. Rev. Stat. ch. 38, ¶ 18-1 (1970). The Seventh Circuit has previously held an Illinois robbery conviction from 1975, with the same language as the statute at issue here, contained as an element the use, attempted use, or

---

[3] "Robbery in the first degree comprehends an act committed with or without a dangerous and deadly weapon." *Keeny v. State*, 461 S.W.2d 731, 733 (Mo. 1971). The element of "with a dangerous and deadly weapon" goes merely to the penalty. *Id*.

threatened use of physical force against the person of another, qualifying it as a violent felony in the ACCA. *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990). Therefore, Petitioner's Illinois Armed Robbery conviction also qualifies as a predicate offense under the ACCA.[4] Petitioner has three prior violent felonies that qualify under the ACCA as predicate offenses. Thus, he remains an Armed Career Criminal and is not entitled to relief under *Johnson*. The Court will deny this motion.

## VII. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner LeRonald Loper's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [1] is **DENIED**. Petitioner's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion on Court Order for Production of Written Documentations under the Control of the Office of the U.S. Federal Public Defender for the Eastern District of Missouri, Eastern Division [21] is **DENIED**.

---

[4] In addition to these three convictions, Petitioner also has a conviction for Bank Robbery with a Firearm in Arkansas that would qualify as a predicate offense.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief on Second Supplemental Claim under § 2255 [25] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Motion.

So Ordered this 16th day of February, 2018.

*[signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**